SAME CASE.—APPLICATION FOR A RE-HEARING.

The penalty, or forfeiture imposed by the 4th sect. of the act of Congress of the 25th April, 1812, relative to claims to lands in that part of Louisiana east of the river Mississippi and the island of Orleans, on persons claiming under the French, British, or Spanish Governments, who may fail to cause the written evidence of their claims to be recorded in the manner directed by that act, cannot be invoked by parties having no grant from the United States to the land in controversy.

The provision of the same section declaring that no grant, order of survey, deed, conveyance, or other written evidence, which shall not be recorded as directed by that act, shall be admitted as evidence in any court of the United States, against any grant which may be derived from the United States, establishes a rule of evidence for the courts of the United States ; but the rule has no binding authority over the courts of the States.

A confirmation of a land claim by the United States, amounts only to a relinquishment of all claim thereto on its part.

Where a bill of exceptions is not mentioned in the argument, nor otherwise insisted on before the Supreme Court, it will be considered as waived.

An order of a Spanish Governor of the province of Louisiana authorizing the oath of allegiance to be administered to a party, and directing him to be maintained in the possession of certain lands, is a public and official act, of .which a copy is admissible in evidence. It is not necessary that the original should be produced. Such an act was correctly deposited and recorded in the office of the Parish Judge of the parish in which the land lies, and he is authorized to certify copies thereof.

*Elam*, for a re-hearing.

GARLAND, J. The defendants have applied for a re-hearing on the grounds :

1st. That they have produced a legal and equitable title to that

portion of the land claimed by them, found within the lines of the British patent.

2d. That they cannot be disturbed by the British patent, *as such*.

3d. That the confirmation of the Spanish Government had no reference to the tract of land in controversy ; that it was not so intended, nor so considered by Hutchings, the younger, nor by the Spanish authorities when made, nor by Rhea when he purchased, nor when he presented it for confirmation.

4th. That the title papers from the Spanish Government, whether viewed as a complete or incomplete grant, have no effect, as they have not been recorded in the Land Office at St. Helena.

The principal cause of complaint upon the first ground is, that we did not so fully set forth the evidence in support of the defendants' title, as the record authorized. This was not considered a matter of much consequence, because we considered, under the agreement entered by the parties to try the case on the titles alone, by which the defendants waived all benefit arising from any possession, &c., that enough was admitted to test the strength of the plaintiff's title. We did not consider the defendants as trespassers, and we conceded to them such a title, as was sufficient to try the validity of the plaintiff's. The judgment does not rest upon the weakness of the titles of the defendants, but upon the validity of that of their adversary. Had it been necessary to scrutinize their titles, it might have been found, after the waiver of the benefit of possession, that the abstracts of the confirmation were so general, as to have rendered them of little value as a title. They merely state, that the defendants are confirmed to a certain quantity of land in the parish of East Baton Rouge, designating no particular place, or object, by which it can be located. Both parties, by their agreement, seem to have conceded, that those confirmations covered the *locus in quo ;* and we so considered it.

Upon the second ground, we have only to remark, that the decision of the court is not based upon the validity of the British patent, independent of its recognition by the Spanish authorities.

As to the third ground, we think the confirmation by the Spanish authorities, had reference to the land in controversy. In the

list of claims furnished by Gardoqui to Governor Miro, this tract is as specially described as any other.   No special description was necessary, when the recognition extended to all lands granted by the British Government, if they had not, before 1788, been disposed of by the Spanish Governor.   That the Spanish authorities, Hutchings, and Rhea, all understood, that all the grants were recognized, we have no doubt; and for that reason, the documents signed by the Marquis de Casa Calvo and Governor Salcedo, were deposited in the office of the Commandant at Baton Rouge, with the sale from Hutchings to Rhea, which accounts for their being now in the office of the Judge of the parish of East Baton Rouge.

Upon the fourth point, it is proper to premise, that all the papers in relation to the plaintiff's title, were admitted in evidence without objection, except the proceedings had before Casa Calvo, to the introduction of which a bill of exceptions was taken, about which we shall speak again.   But the counsel for the defendants insists, that none of these documents can have effect, because they are not all recorded in the office of the Register for the St. Helena Land District.   We do not understand this to be the effect, or meaning, of the fourth section of the act of Congress of the 25th April, 1812.  1 Land Laws, 607.  That law required of every person, claiming lands under any of the previous governments, to deliver to the Commissioners, when attending for the purpose of receiving notices and testimony, all their title papers and written evidence relating thereto, for the purpose of being recorded ; and the act specifies how the notice and papers shall be recorded.   It then proceeds, " and if such person shall neglect to deliver such notice in writing of his claim, together with the plat, (in case the lands claimed shall have been surveyed,) as aforesaid, or cause to be recorded such written evidence of the same, within the time and times as aforesaid, his claim shall never after be recognized, or confirmed, by the United States ; nor shall any grant, order of survey, deed, conveyance, or other written evidence, which shall not be recorded as above directed, ever after be considered, or admitted as evidence in any court of the United States, against any grant which may hereafter be derived from the United States."
A perusal of the section of the act of Congress, shows what pur-

pose was intended to be effected by it. A nearly similar provision has been inserted in almost all, if not in every act of Congress, in relation to the confirmation of land claims in this State. The penalty, or forfeiture, cannot be invoked by the defendants. They have no grant from the United States to the land in controversy. Their claim the government has confirmed, which means, that all claim the United States may have had to the land is relinquished ; and that is the extent. So far from granting the land, the Commissioner of the General Land Office has refused to interfere further in the matter, until the rights of the parties shall be determined by this suit. But to give the act its full effect, it only establishes a rule of evidence in the courts of the United States, which has no binding authority on the State tribunals. The rules of evidence are the same, so far as we are concerned, as they were before this statute ; and we see no sufficient reason to change them. Our courts are not the inquisitors of the Government of the United States, for the purpose of making inquests, and declaring forfeitures.

The bill of exceptions, taken by the defendants, was especially to the reception, as evidence, of the proceedings had before the Marquis de Casa Calvo, on the grounds : 1st. Of its not being an original. 2d. That it was not properly certified. 3d. That it had not been recorded, as required by the act of Congress. This bill of exceptions was not insisted on, nor mentioned by the counsel for the defendants in the argument of the case. His brief on file is silent in relation to it, and we have no note of it ; we were, therefore, right in passing it over, as we supposed it waived. But it is not necessary to resort to any technical objection ; and upon the points raised, we say : 1st. That the act is a public and official one, and that a copy could be given in evidence. 2d. That it relates to the title to lands in the Parish of East Baton Rouge, and various persons are interested in it. The depositing and recording of it in the office of the Parish Judge, who is the keeper of the records in relation to those titles, was correct, and he has a right to certify copies of it. 3d. We do not, for the reasons stated, think it indispensable that these documents should have been recorded in the Land Office, to give them effect between the plaintiff and defendants.

It is further urged, that we ought to have directed the defen-

Murdock v. Gurley and others.

dants to remain in possession, until the value of the improvements made by them was ascertained; and it is now said, that the case ought to have been remanded, for the purpose of having them assessed.  The defendants, in their various answers, no where allege, that they have made improvements on the land; nor is any claim presented for their value.  It was not for us to suggest the claim for improvements.  If the defendants suffer by it, the responsibility is not with us.  The judgment below said nothing about the improvements, nor did we, as no amendment of it, in that respect, was asked for.  We have adhered to the agreement and points, upon which the case was tried, and do not intend to go beyond them.

*Re-hearing refused.*